No. 85-426

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

ROWAN OGDEN,

        Plaintiff and Respondent,

  -vs-

MONTANA POWER COMPANY,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; Lon Holden
argued, Great Falls, Montana

    For Respondent:

        Erik B. Thueson argued, Great Falls, Montana

    For Amicus Curiae:

        Robert F. James, argued for Montana Assoc. of Defense
Counsel, Great Falls, Montana

---

Submitted:  November 20, 1987

Decided:  December 15, 1987

Filed: DEC 15 1987

*Ethel M. Harrison*

---
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Defendant Montana Power Company (MPC) appeals a jury verdict from the District Court of the Eighth Judicial District in and for the County of Cascade awarding compensatory and punitive damages for negligence and bad faith. MPC also appeals the lower court's denial of various pretrial motions and jury instructions. Ogden cross-appeals the decision of the jury's original special verdict and for a determination on Ogden's motion for sanctions.

A decision was entered by this Court on February 23, 1987. Ogden v. Montana Power Co. (Mont. 1987), 44 St.Rep. 330. MPC petitioned the Court for a reconsideration under Rule 34 M.R.Civ.P. The petition was briefed by the parties and an amicus curiae brief was filed on behalf of the Montana Association of Defense Counsel. We granted oral argument. We now withdraw the original opinion and issue this opinion in its place.

Having considered the arguments and briefs we affirm in part and reverse in part the District Court and remand for further proceedings.

The following issues were raised on appeal and cross-appeal:

1. Did the District Court err in granting partial summary judgment to Ogden on the issue of liability?

2. Does the Unfair Trade Practices Act of the Montana Insurance Code apply to MPC, a self-insured corporation, and was the evidence sufficient to uphold a jury verdict for breach of the implied covenant of good faith and fair dealing against appellant?

3. Did the District Court err in denying MPC's motion for separate trials on the property damage claim and bad faith claim?

4. Did the District Court err in reducing the Special Verdict award?

5. Did the District Court err in failing to impose economic sanctions upon MPC for alleged dilatory, obstructive, and threatening actions by MPC's attorney?

On December 19, 1979 a fire occurred at Ogden's ranch. It burned 40 acres of vegetation and destroyed the ranch house, barn, sheds and corrals. It is conceded that the only possible cause of the fire was a "floater", which is a power line owned by MPC that became detached from a supporting pole and came in contact with another power line. Pieces of hot and molten metal heated by the contact dropped to the ground and ignited the vegetation and ultimately the buildings and improvements.

Negotiations between the parties as to the amount of property damage failed and Ogden sued for damages caused by the alleged negligence of MPC. MPC filed an answer, discovery proceeded and Ogden filed a motion for partial summary judgment together with a memorandum and affidavit relative to liability. MPC opposed the motion by briefs, attached affidavits and argument at the hearing. The District Court granted the partial motion raising the first issue.

I

Did the District Court err in granting partial summary judgment to Ogden on the issue of liability?

The only possible question remaining on the motion for partial summary judgment was whether the damage by the floater happened because MPC had negligently inspected and maintained the subject power line. In other words, did MPC breach its duty to inspect and maintain the line? The duty

3

of care owed by an electric utility is presented in a thorough discussion in Bourke v. Butte Electric & Power Co. (1905), 33 Mont. 267, 83 P. 470. In Bourke, this Court held that the owner or operator of an electric plant owes a duty of reasonable care in creating pole lines, selecting appliances, insulating accessible wires and in maintaining a system of inspection. Bourke, 83 P. at 473. In discussing this duty of reasonable care the Bourke court favorably quotes a number of sources:

> 'Reasonable care is all that is required. But this must be proportionate to the risks to be apprehended and guarded against.'

Bourke, 83 P. at 474 (quoting Hoye v. Chicago M. & St. P. Ry. Co., 46 Minn. 269, 48 N.W. 1117.)

Later in the opinion, the Bourke court approved a jury instruction which stated in part as follows:

> . . . the care required is measured by and equal to the danger. When anyone handles a force of utmost danger, a very great care is required. What would be care in handling a force of little danger might not be care in handling a force of great danger, and might be negligence in handling such a force. As the danger increases, so the degree of care increases which is required of persons who are handling the force. The degree of care required is proportionate to the danger of the force; . . .

Bourke, 83 P. at 474.

The standard of care from Bourke applies to this case. The standard is one of reasonable care under the circumstances which is measured by and equal to the danger of those circumstances. Farnum v. Montana-Dakota Power Co. (1935), 99 Mont. 217, 43 P.2d 640.

Section 69-4-201, MCA, adopts the National Electrical Safety Code (NESC) as Montana law. Section 214 A2 of NESC

4

provides: "Lines and equipment should be inspected from time to time at such intervals as experience has shown to be necessary."

MPC had no policy or procedural manual which provided guidelines for inspections. There had been no maintenance on the line in the fire area. The linecrew chief, Corcoran stated the only time linemen will inspect this type of line is when there is a "problem on them or something goes wrong then you patrol." MPC admits in its reply brief that the District Court had evidence before it that the subject power line was not in good repair at the time of the fire. The employees involved had no recollection of when they last visited the area and MPC did not come forward with anything in writing indicating when any inspection or maintenance had been done on the Zorce line involved. The power line at the time was not being used but the energy was not cut off.

These facts could very well fail to meet the general standard of care as set out in the Bourke case. However, MPC states that a critical fact was lost in the shuffle. Strong winds had hit the area about two weeks prior to the fire and could have caused the fire. MPC, by affidavit, comes forward with statement and daily time tickets on December 2, 1977, that the Adel line in the same general area to which the Zorce line is attached, was "all out" and the employee conducted a "patrol & rep. floater". As stated in Bourke, a utility should inspect its property so that:

> . . . any change which has occurred in the physical condition surrounding the plant, poles or lines of wire, which would tend to create or increase the danger to persons lawfully in pursuit of their business or pleasure, may be reasonably discovered.

5

Bourke, 83 P. 2d at 473. By their own admission the strong winds are such a change. MPC had knowledge but no inspection was done.

At this point, to raise a question of fact, MPC was obligated to come forward with substantial evidence that it had exercised due care under the circumstances. Harland v. Anderson (1975), 169 Mont. 447, 548 P.2d 613. This it did not do. All it could do was speculate that the high winds caused the floater, it did not come forward with any facts or evidence to raise an issue of fact as to its duty. The evidence appeared overwhelming and the District Court did not err in finding MPC's liability was essentially uncontradicted by its evidence.

We find partial summary judgment was correctly granted.

II

Does the Unfair Trade Practices Act of the Montana Insurance Code apply to MPC, a self-insured corporation, and was there sufficient evidence to uphold a jury verdict for breach of the implied covenant of good faith and fair dealing by MPC?

Ogden's amended complaint alleges appellant breached the implied covenant of good faith and fair dealing and violated the Unfair Trade Practices Act § 33-18-201 et seq., MCA, (Act). MPC moved to dismiss these counts contending that the Act did not apply to self-insurers. The District Court denied this motion and subsequent similar motions. At trial the lower court instructed the jury that certain duties from the Act applied to MPC:

Instruction No. 21

The Montana Power Company is subject to the laws of Montana which state that no person may, with such frequency as to indicate a general business practice, do any of the following:

(1) Fail to acknowledge and act reasonably promptly upon communications with respect to claims; or

(2) Fail to adopt and implement reasonable standards for the prompt investigation of claims; or

(3) Refuse to pay claims without conducting a reasonable investigation based upon all available information; or

(4) Neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

If you determine that Montana Power Company has violated one or more of the above duties, you should determine that the defendant has not complied with its duties under the laws of the State of Montana.

A general business practice can be shown by multiple violations occurring in the same claim, or violations of the law in different cases, or from persons having knowledge of the company's general business practices.

GIVEN:_____
District Judge

The jury found that MPC failed to act reasonably and in good faith with respect to Ogden's claim.

MPC claims the District Court erred in imposing the duties of the Act upon it and in instructing the jury to that effect. MPC contends the Act does not apply to it as a self-insurer and that it did not violate any duty to Ogden. Ogden contends that the jury was correctly instructed because MPC had both a common law duty to act in good faith and a similar statutory duty under the Act.

The Montana Insurance Code's Unfair Trade Practices Act does not apply to a self-insured entity like MPC. The legislature enacted the Montana Insurance Code, Title 33, MCA, to govern and regulate the business of insurance. The Unfair

7

Trade Practices Act, Section 33-18-101 et seq., MCA, as a part of the Montana Insurance Code and by virtue of its own stated purpose was enacted to govern and regulate trade practices in the business of insurance. Section 33-18-101, MCA, provides:

> The purpose of this chapter is to regulate trade practices in the business of insurance in accordance with the intent of congress as expressed in P.L. 79-15 . . .

P.L. 79-15 is codified at 15 U.S.C. § 1011 and states a declaration of policy by Congress "that the continued regulation and taxation by the several States of the business of insurance is in the public interest, . . ." Hence, § 33-18-101, MCA, explicitly and by reference to 15 U.S.C. § 1011 expresses the legislative intent to regulate the business of insurance.

Section 33-1-201(6), MCA, provides: "'Insurer' includes every person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance." MPC is primarily in the business of providing power and utilities to customers, although it insures itself. The legislature did not intend a self-insured entity to be subject to all the technical Montana insurance industry regulations. The Act therefore, does not apply to MPC in this case.

There is also no common law basis for the application of the duties imposed upon MPC as contained in the instruction. Although judicial modification of the common law is sometimes required to prevent great injustice or to ensure that common law is consonant with changing needs of society, see Miller v. Fallon County (Mont. 1986), 721 P.2d 342, 43 St.Rep. 1185, it is not warranted here. These are adversarial relationships and a sudden major change of this sort in the law can best be done by legislative enactment as was done with

8

insurance companies. We note that the most recent Montana Legislative Session enacted § 33-1-317, MCA, (effective date July 1, 1987), which applies specific parts of the Unfair Trade Practices Act to actions brought by third party claimants against self-insurers.

We therefore reverse on the issue of MPC's duty of good faith and fair dealing and Instruction No. 21 and further dismiss the second, third and fourth counts of plaintiff's amended complaint for failure to state a claim. Appellant's motion below to dismiss these counts should have been granted.

## III

Did the District Court err in denying MPC's motion for separate trials on the property damage claim and bad faith claim?

This issue concerns whether it was error to deny MPC's motion for separate trials on the property damage claim and on the bad faith claims. MPC argues that denial of the motion resulted in confusion and severe prejudice to appellant. We again affirm. MPC contends the reasoning of Fode v. Farmers Insurance Exchange (Mont. 1986), 719 P.2d 414, 43 St.Rep. 814, requiring separation should be applied here. Fode does not control in this case. Separation of the bad faith claim in this case would have been appropriate only until the liability issue of the underlying case has been determined. Here the liability of the defendant had already been determined. The property damage issue was not complex and the danger of prejudice was minimal. The District Court correctly exercised its discretion which is authorized by Rule 42(b) M.R.Civ.P. See State v. District Court of Eighth Judicial District (Mont. 1985), 703 P.2d 148, 42 St.Rep. 1061. The property damage verdict should stand.

## IV

Did the District Court err in reducing the Special Verdict award? In light of this opinion, the question of changing the original jury verdict is moot.

## V

Did the District Court err in failing to impose economic sanctions upon MPC for alleged dilatory, obstructive and threatening actions by MPC's attorney? We remand and request the District Court to enter its decision on the motion for sanctions.

In summary, we affirm the motion for summary judgment on liability for property damages. We will not disturb the jury's verdict of $62,000 for property damages. We dismiss the second, third and fourth counts in the amended complaint for failure to state a claim and set aside the verdicts based thereon and we remand to the District Court to rule on motion for sanctions.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

Mr. Justice William E. Hunt, Sr., dissenting:

I agree with the majority opinion insofar as affirming the issues of MPC's liability and upholding the original jury verdict of $62,000 for property damage. I also agree with remanding to the District Court for a ruling on Ogden's motion for sanctions.

I disagree, however, with the majority's reversal of the award for punitive damages for a violation of good faith and fair dealing.

The record is replete with instances of MPC's discovery violations and intentional delays. Although a self-insured company, such as MPC, did not fall under Montana Insurance Code's Unfair Trade Practices Act at the time of this fire, it should not be thereby freed from a responsibility to act in good faith and fair dealing with persons stating claims against the company. We note that the Montana legislature has just passed a statute which imposes this duty of good faith and fair dealing on self-insurers.

Instruction no. 21, which in the majority opinion requires a reversal of the punitive damages award, does not impose strict or outlandish standards of good faith and fair dealing on MPC. "Reasonable" is the standard of duty enumerated in Instruction No. 21. The jury was entitled to, and did in fact find that MPC failed to "attempt" to act in good faith based on a "reasonable" standard of prompt communication, prompt investigation and payment of valid claims after such "reasonable investigation." I would affirm the jury's finding of bad faith and uphold the jury award for all punitive damages.

_____
Justice

Mr. Justice John C. Sheehy and Mr. Justice John C. Harrison concur in the foregoing dissent.

_____
_____
Justices