No. 12806

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

CARL N. CARLSON,

Plaintiff and Appellant,

-vs-

THE ANACONDA COMPANY, a corporation,
and Metropolitan Life Insurance Company,

Defendants and Respondents.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Hoyt and Bottomly, Great Falls, Montana
John C. Hoyt argued, Great Falls, Montana

For Respondents:

Jardine, Stephenson, Blewett and Weaver, Great Falls,
Montana
Holland and Haxby, Butte, Montana
Leonard J. Haxby, argued, Butte, Montana
Stephen Williams appeared, Butte, Montana

---

Submitted: November 15, 1974

Decided: DEC 18 1974

Filed: DEC 18 1974

*Thomas J. Kearney*
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an action at law for damages by an injured employee against his employer and a group disability insurance company. The district court of Cascade County granted the employer's motion to dismiss the complaint without leave to amend and entered judgment thereon. The injured employee appeals from the judgment.

The issue is whether the Montana Workmen's Compensation Act is the employee's exclusive remedy precluding an action at law for damages. The district court held it is. We agree.

Plaintiff is Carl N. Carlson, a salaried employee of defendant, The Anaconda Company, at its Great Falls plant. The other defendant, Metropolitan Life Insurance Company, is a private insurance company which provided long term disability benefits to Anaconda's employees under a group disability policy.

According to the complaint, Carlson was injured in an industrial accident on August 20, 1972, while employed by Anaconda and has been totally disabled since. Anaconda is a self-insurer under Plan I of the Montana Workmen's Compensation Act. Metropolitan and Anaconda had previously entered into an agreement whereby Metropolitan insured Anaconda's employees for long term disability. Under the policy provisions, Metropolitan was to pay disabled Anaconda employees 70% of their base monthly salary after total disability of one year.

Anaconda paid Carlson temporary total disability payments under the Workmen's Compensation Act for the first year. Since August 20, 1973, according to the complaint, Anaconda has paid no Workmen's Compensation benefits and Metropolitan has paid no monthly disability insurance benefits although each has known that Carlson remained totally disabled.

The complaint alleges that on September 6, 1973, the

- 2 -

Workmen's Compensation Division wrote Anaconda requesting them to maintain Carlson on temporary total disability benefits. Anaconda replied, according to the complaint, as follows:

"Mr. Carlson is on the salary roll of The Anaconda Company at the Great Falls plant. He is covered by a long term disability benefit. We paid Mr. Carlson full salary for six months and 70% of his full salary for the second six months. From these payments we subtracted the amount of money that was paid to him as temporary total disability compensation payments. Mr. Carlson is continuing to receive the 70% of his regular salary and if we place him back on temporary total, then we will deduct these payments from his monthly check. He will end up with the same amount of money being paid to him and I would prefer to leave him off our compensation rolls and eventually make a settlement when we receive Dr. Tom Powers' evaluation report."

According to the complaint, Anaconda (1) failed and refused to make the Workmen's Compensation payments to which Carlson was entitled, and (2) fraudulently, maliciously, wrongfully and deliberately gave false information to the Workmen's Compensation Division by asserting that Carlson was continuing to receive 70% of his regular salary. In passing, we note that during oral argument it was brought out that Anaconda failed to pay because of a mix-up in their records which has since been corrected and payments made.

The complaint alleges that Metropolitan breached the provisions of their insurance policy and violated the insurance statutes of Montana in failing and refusing to make the monthly disability payments.

Carlson seeks payment of all benefits due under the Workmen's Compensation Act and the group disability policy, $1,000,000 exemplary damages against each defendant, and costs.

Anaconda moved to dismiss the complaint on the ground that it failed to state facts sufficient to constitute a claim for relief against Anaconda. After hearing, the district court

granted this motion without leave to amend and entered judgment for Anaconda against Carlson. Carlson's claim against Metropolitan remains pending.

Carlson has appealed contending that the Workmen's Compensation Act is not his exclusive remedy, but that he has an action at law. He contends that Anaconda, after first having elected to be bound by the Workmen's Compensation Act, breached and abrogated the Act by substituting its own insurance program and accordingly should be considered an insurer and subject to the penalties of the state insurance statutes. Carlson cites Reed v. Hartford Accident & Indemnity Company, 367 F.Supp. 134 (1973), in support.

Where both employer and employee have elected to come under the Montana Workmen's Compensation Act, the provisions of the Act are exclusive. Section 92-204, R.C.M. 1947, as amended. The same statute, in effect on the date of the injury, expressly provides that the employee surrenders any other compensation or action at law for his injuries against his employer, subject to exceptions not pertinent to Carlson's claim.

Anaconda's obligation as a Plan I self-insurer is to pay Carlson the Workmen's Compensation benefits provided by the Act. If it does not, Carlson's remedy is with the Workmen's Compensation Division. Section 92-821, R.C.M. 1947. In case of non-payment of benefits under the Act, it is the duty of the Workmen's Compensation Division to apply the employer's deposits to payment (section 92-906, R.C.M. 1947) including a 10% penalty for unreasonable delay (section 92-824.1, as amended).

Anaconda's obligation to pay compensation under the Act is neither increased nor diminished by the Metropolitan group disability policy. This policy is collateral to Workmen's Compensation benefits and irrelevant to the obligations of the

employer under the Act. That benefits under the policy may be reduced by the amount of compensation paid under the Act is proper to prevent duplication of wage-loss benefits and does not alter the employer's obligation under the Act. See Larsen, Workmen's Compensation, Vol. 3, § 97.10 et seq.

Accordingly, Anaconda has neither breached nor abrogated the Act by substituting its own insurance program, nor has it become an insurance company by reason of contracting with Metropolitan for a long-term group disability policy for its employees.

Reed, cited by plaintiff, is distinguishable on the facts. There the action at law was against the employer's Workmen's Compensation insurance carrier based on independent intentional torts and breach of an express contract to pay total disability benefits by false, fraudulent and perjured means. This is a far cry from the facts here, and the attempted analogy fails.

The judgment of the district court in favor of Anaconda is affirmed. The case is remanded to the district court for further proceedings against the remaining defendant.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -