No. 14764

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

WILLIAM VIGUE and MRS. WILLIAM VIGUE,

Plaintiffs and Appellants,

vs.

EVANS PRODUCTS COMPANY, and
GEORGE WOOD,

Defendants and Respondents.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellants:

Hoyt, Trieweiler, Lewis & Regnier, Great Falls, Montana
John Hoyt argued, Great Falls, Montana

For Respondents:

Garlington, Lohn and Robinson, Missoula, Montana
Larry Riley argued, Missoula, Montana
Andrew J. Utick argued, Helena, Montana

---

Submitted: January 15, 1980

Decided: MAR 19 1980

Filed: MAR 19 1980

Thomas J. Kearney Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order dismissing a complaint which alleged the commission of certain tortious acts in the adjusting and processing of a Workers' Compensation claim. The order was entered in the District Court of Missoula County, the Honorable Jack L. Green presiding.

The claimant and appellant, William Vigue, suffered an industial accident injury on March 29, 1976 while employed by one of the respondents, Evans Product Company. After the injury, appellant underwent extensive back surgery and was certified by his physician on February 20, 1978 as totally and permanently disabled. Evans is a Plan I insurer under the Montana Workers' Compansation Act and employs George Wood, the other respondent in this matter. Wood is a professional adjuster in Workers' Compensation claims. On July 13, 1978, appellant filed a complaint against respondents alleging the commission of certain tortious acts in the adjusting and handling of his Workers' Compensation claim. Among the torts alleged were fraud, conversion, economic duress and bad faith.

Respondents moved to dismiss the complaint upon the ground that it failed to state a claim for which relief could be granted. Respondents contended that the controversy among the parties was within the exclusive jurisdiction of the Workers' Compensation Court. After submission of briefs and oral argument, the District Court granted the motion to dismiss. Appellant then appealed.

The issue raised for our consideration upon this appeal is whether a claimant, who sustains an injury covered by the

Workers' Compensation Act, may assert a separate action for damages in District Court against an insurer and its adjuster for the commission of intentional torts in the processing and handling of a Workers' Compensation claim.

In resolving this issue, the focus of our inquiry is on the scope and coverage of the Workers' Compensation Act and the extent to which its provisions and remedies are made exclusive. The exclusivity provision of the Act states:

> "For all employments covered under the Workers' Compensation Act or for which an election has been made for coverage under this chapter, the provisions of this chapter are exclusive. Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the Workers' Compensation Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death. The Workers' Compensation Act binds the employee himself, and in case of death binds his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer and the servants and employees of such employer and those conducting his business during liquidation, bankruptcy, or insolvency." Section 39-71-411, MCA. (Emphasis added.)

Under the Act, the Workers' Compensation Court is given exclusive jurisdiction over all disputes arising from claims. Section 39-71-2905, MCA states:

> "A claimant or an insurer who has a dispute concerning any benefits under chapter 71 of this title may petition the workers' compensation judge for a determination of the dispute. The judge, after a hearing, shall make a determination of the dispute in accordance with the law as set forth in chapter 71 of this title. If the dispute relates to benefits due a claimant under chapter 71, the judge shall fix and determine any benefits to be paid and specify the manner of payment. The workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71. The penalties and assessments allowed against an insurer under chapter 71 are the exclusive penalties

-3-

and assessments that can be assessed against an insurer for disputes arising under chapter 71."

Appellant contends that, while the exclusivity provisions of the Act bar an action in District Court against employers or their insurers for personal injury or death to the claimant, they do not bar an action in District Court against the insurers or adjusters for the commission of intentional torts in the settling of a claim. Appellant relies on several cases outside of this jurisdiction which have upheld a claimant's right to bring a separate action at law for the commission of independent intentional torts in the settlement of a Workers' Compensation claim. See Coleman v. American Universal Ins. Co. (Wis. 1979), 273 N.W.2d 220; Gibson v. Nat. Ben Franklin Ins. Co. (Me. 1978), 387 A.2d 220; Stafford v. Westchester Fire Ins. Co. of N.Y., Inc. (Alaska 1974), 526 P.2d 37; Martin v. Travelers Insurance Company (1st Cir. 1974), 497 F.2d 329; Reed v. Hartford Accident & Indemnity Co. (E.D. Pa. 1973), 367 F.Supp. 134; Unruh v. Truck Insurance Exchange (1972), 7 Cal.3d 616, 498 P.2d 1063. In these cases, primarily two bases have been offered for the upholding of the right. The first basis is that the acts complained of do not arise out of the employment relationship. Rather, at the time of the commission of the torts, the employment relationship has terminated. The insurance carrier is no longer the "alter ego" of the employee and, therefore, is not afforded the protection of the Act.

> "The injury for which remedy is sought in the instant case is the emotional distress and other harm caused by the defendants' intentional acts during the investigation and during the course of payment of the claim. This claimed injury was distinct in time and place from the original on-the-job physical injury which was subject to the Compensation Act. The injury for which recovery is sought in the present actions did not occur

while the plaintiff was employed or while he was performing services growing out of and incidental to his employment. As the plaintiff repeatedly and correctly stresses in his brief, this action is based not on the original work-related injury but on a second and separate injury resulting from the intentional acts of the insurer and its agents while investigating and paying the claim. The Act does not cover the alleged injury, and the exclusivity provision does not bar the claim." Coleman, supra, at 223.

The second basis upon which the right has been upheld is that the penalty provisions of the various state Workers' Compensation Act are inappropriate for intentional wrong-doings. Coleman, supra, at 224; Stafford, supra, at 43; Martin, supra, at 331; Gibson, supra, at 223. Rather, the provisions apply to conduct which falls short of bad faith or unintentional conduct, such as cases of mismanagement or deficient administrative practices. They are not appropriate for intentional wrongdoings.

We have had occassion to consider one of the cases cited by appellant in a matter where we addressed essentially the same issue that is now before the Court. That case was Carlson v. Anaconda Company (1974), 165 Mont. 413, 529 P.2d 356. We distinguished the facts of Carlson from the facts of Reed, supra, and held that the provisions of the Workers' Compensation Act were Carlson's exclusive remedy. Respondents urge that Carlson is "on all fours" with the instant case.

Carlson was injured in an industrial accident at the Anaconda Company's Great Falls plant on August 20, 1972. Carlson was rendered permanently and totally disabled. Anaconda was a Plan I self-insurer under the Workers' Compensation Act. Carlson filed a complaint against Anaconda for failing and refusing to make compensation payments to which Carlson was entitled, and for giving false information

to the Workers' Compensation Division that Carlson was continuing to receive 70% of his regular salary. Anaconda argued that the failure to pay resulted from a mix-up in their records which had since been corrected and payments made. Characterizing the case as a case of mismanagement rather than intentional wrongdoing, we held that Carlson was barred from asserting an action at law:

> "Reed, cited by plaintiff, is distinguishable on the facts. There the action at law was against the employer's Workmen's Compensation insurance carrier based on independent intentional torts and breach of an express contract to pay total disability benefits by false, fraudulent and perjured means. This is a far cry from the facts here, and the attempted analogy fails." Carlson, supra, at 417, 529 P.2d at 358.

Carlson may be distinguished from the instant case on the basis that the facts and circumstances in Carlson give the case a much different character. Whereas the instant case involves allegations of intentional torts or the presence of bad faith, Carlson, as stated earlier, involved a case of mismanagement. The instant case was dismissed at the pleading stage. It is well settled that on appeal all of the allegations of a complaint must be accepted as true in determining the issues involved, realizing of course, that all the allegations are subject to proof through the regular trial procedures. State v. District Court of the Eighth Judicial District (1967), 149 Mont. 131, 423 P.2d 598, 600. It is also established law that a complaint cannot be properly dismissed for failure to state a claim unless it appears for certain that the plaintiff is entitled to no relief under any stated facts which could be proven in support of his claim. Keilman v. Mogan (1970), 156 Mont. 230, 478 P.2d 275, 276.

Treating the allegations in appellant's complaint as being true for purposes of this appeal, as indeed we must,

leads to the conclusion that the District Court acted improperly in dismissing appellant's complaint. This holding is required by a recent and as yet unpublished decision of this Court in Hayes v. Aetna Ins. Co. (Supreme Court #14853), where we recognized the right of a claimant to bring a separate action in District Court for the commission of intentional torts occurring during the settlement of a claim. The complaint here sufficiently stated a cause of action under the Hayes rule. As such, it was improper for the District Court to dismiss the case. See concurring opinion in Hayes.

As an aside, we also note that appellant complains in this case that the respondents claimed offsets against appellant's Workers' Compensation benefits under Montana's offset statute, section 39-71-702, MCA. That statute has the effect of depriving a claimant of cost of living increases under the Social Security Act. Recently, in McClanathan v. State Compensation Insurance Fund (1979), ___ Mont. ___, ___ P.2d ___, 37 St.Rep. 113, we ruled that this portion of the statute was unconstitutional. At the time that respondents claimed the offsets here, however, respondents could only have withheld the offset under the impression that the statute was constitutional. Their conduct was lawful and motivated by good faith. As a result, there can be no complaint here.

Accordingly, the action of the District Court is reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-