No.   90-226

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE ex rel. RONALD W. EGELAND,
          Plaintiff and Respondent,

   -vs-

THE CITY COUNCIL OF CUT BANK, MONTANA,
LEO SCHAEFER, PHILIP (PHIL) CHEETY,
FRANCES STRYREN and ED SNOECK, as Members
of the City Council, and EUGENE O. BOYLE,
City Treasurer of the City of Cut Bank,
Montana, a Municipal Corporation,
          Respondents and Respondents

MELVIN SHULAND, HERITAGE BUILDERS, INC.,
ABERCROMBIE PIPE LINE & SERVICES, INC.,
          Interplead Defendants,

D.A. DAVIDSON & CO.,
          Interpled Defendant and Respondent,

LELAND FREED,
          Interpled Defendant and Appellant.

APPEAL FROM:      District Court of the Ninth Judicial District,
                  In and for the County of Glacier,
                  The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Dennis McCafferty, Esq.; James Gray & McCafferty, Great
          Falls, Montana

     For Respondents:

          Keith Strong, Esq.; Dorsey & Whitney, Great Falls, Montana

Submitted on Briefs:   November 1, 1990

Decided:   December 11, 1990

Filed:

_____
          Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This action originated in the District Court of the Ninth Judicial District, Glacier County, Judge Henry Loble presiding. Ronald W. Egeland sought a Writ of Mandamus ordering the City of Cut Bank to pay interest on SID bonds. The parties to this appeal, Leland Freed and D.A. Davidson & Co., were interpled defendants in the action. Freed asserted claims against D.A. Davidson and both parties moved for summary judgment. From grant of summary judgment to D.A. Davidson, Freed appeals. We affirm.

The single issue is whether the District Court erred in granting summary judgment to D.A. Davidson & Co. on the basis that Freed's cross-claims were barred by the statute of limitations.

I

On February 26, 1982, Ronald Egeland and Leland Freed formed Glacier Development Limited Partnership for the purpose of developing a subdivision in Cut Bank, Montana. Freed and Egeland were limited partners.

For sewer and water construction work, Glacier Development received SID bonds as payment from the City of Cut Bank. Egeland opened an account at D.A. Davidson and on August 23, 1983, Egeland pledged the SID bonds to D.A. Davidson to secure his personal

margin account loan in the amount of $103,125. On December 21, 1983, Freed advised D.A. Davidson that Egeland had no authority to make personal use of the bonds which were the property of Glacier Development. D.A. Davidson responded that it held an interest in the bonds superior to Freed's interest.

Two actions were filed involving Freed. On January 16, 1985, Freed filed suit against Egeland and judgment was entered on July 9, 1987, giving all of the limited partnership's interest in the bonds to Freed.

The present action was initiated on January 22, 1985, when Egeland filed a mandamus petition to force the City of Cut Bank to pay interest on the SID bonds. The City of Cut Bank answered Egeland's petition and petitioned to interplead the parties who claimed an interest in the bonds.

On March 3, 1987, the District Court entered an order interpleading defendants D.A. Davidson and Freed and requesting them to file a responsive pleading in the matter. Freed filed his responsive pleading on March 16, 1987, alleging that he and Glacier Development had an interest in the bonds superior to claims by any other party. Freed also accused D.A. Davidson of "willful, wanton, and conscious disregard of known duties," "bad faith," and "oppression."

Freed moved for summary judgment on June 9, 1988. The next day D.A. Davidson cross-moved for summary judgment against Freed on the basis that it had no actual notice of Freed's claim to the

bonds.

The District Court granted summary judgment to D.A. Davidson on the ground that Freed's claims were time barred. Using December 21, 1983, as the triggering date, the court applied a three-year statute of limitations to Freed's "bad faith" claim, and a two-year statute of limitations to Freed's "conversion" claim.

On March 26, 1990, D.A. Davidson and the City of Cut Bank settled their claims, and this appeal of the summary judgment ruling followed.

II

Freed presents four arguments to support his contention that cross-claims against D.A. Davidson are not time barred. First, he argues that in relation to his claim of bad faith the statute of limitations did not begin to run until October 25, 1985, when D.A. Davidson first examined the documents showing that Egeland was not the owner. Freed reasons that until then, D.A. Davidson could not have acted in bad faith because it believed that the bonds belonged to Egeland. The District Court considered this argument, but determined that the latest possible date for purposes of the statute of limitations was December 21, 1983, when Freed demanded the bonds from D.A. Davidson.

The statute of limitations for "bad faith" or "breach of the covenant of good faith and fair dealing" is the three-year statute applicable to torts, § 27-2-204(1), MCA. Kitchen Krafters v.

4

Eastside Bank (Mont. 1990), 789 P.2d 567, 570, 47 St.Rep. 602, 605;

Tynes v. Bankers Life Company (1986), 224 Mont. 350, 357, 730 P.2d

1115, 1120. The statute of limitations begins to run when a claim

accrues:

> (a) a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action;
>
> (b) an action is commenced when the complaint is filed.
>
> (2) Unless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues. Lack of knowledge of the claim or cause of action, or of its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation.

Section 27-2-102, MCA. Freed advised D.A. Davidson on December 21,

1983, that Egeland had no authority to pledge the bonds, and at

that time D.A. Davidson asserted a superior interest in the bonds.

After D.A. Davidson refused to surrender the bonds to Freed, Freed

could have filed a claim, whether or not D.A. Davidson believed

that it had a right to hold the bonds. As pointed out by the

District Court, Freed's cause of action could have been said to

have accrued even earlier, on August 23, 1983, when D.A. Davidson

acquired the bonds. Lack of knowledge of one's legal rights or

even the facts upon which a cause arises does not toll the statute

of limitations in non-malpractice actions. Payne v. Stratman

(1987), 229 Mont. 377, 381, 747 P.2d 210, 212-13. We uphold the

District Court's determination that December 21, 1983 was the date

when Freed's bad faith claim accrued.

## III

Secondly, Freed argues that his claim against D.A. Davidson is not a cross-claim, but "simply an answer or defense" to Egeland's claim of ownership of the bonds. Freed maintains that a limitations period should not be imposed with regard to his answer or response as an interpleader. Therefore, the statute of limitations was tolled on October 25, 1985, when the City named D.A. Davidson and Freed as interpled defendants. This date was within two years of December 21, 1983, when D.A. Davidson rejected Freed's claim to the bonds.

We have examined Freed's pleadings and affirm the District Court's conclusion that they constitute affirmative cross-claims, rather than answers or defenses. Freed calls his pleadings of March 16, 1987, "Claims of Interpled Defendant Leland Freed," and labels allegations against D.A. Davidson as "Leland Freed's Claim Against D.A. Davidson." He does not refer to the allegations as defenses or responses to Egeland's claims. Thus by his own admission, Freed filed an affirmative cross-claim, not an answer or response.

## IV

Next Freed asserts that his cross-claim relates back to the same conduct, transaction, or occurrence set forth in the complaint

filed by Egeland on January 22, 1985, a date within the applicable statute of limitations. In other words, the statute of limitations regarding Freed's claims was tolled by the filing of Egeland's complaint.

Cross-claims are governed by Rule 13(g), M.R.Civ.P.:

**Cross-claim against coparty.** A pleading may state as a cross-claim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Most of the cases concerning the relation back issue involve counterclaims, although the rationale of those decisions is equally applicable to cross-claims. Appelbaum v. Ceres Land Co. (D. Minn. 1981), 546 F.Supp. 17, 20, aff'd, (8th Cir. 1982), 687 F.2d 261. In some jurisdictions, a counterclaim relates back to the date of the filing of the complaint in the action if it arises out of the same transaction or occurrence. See, e.g., Employers' Fire Insurance v. Love It Ice Cream (Or. App. 1983), 670 P.2d 160, 163; Doxey-Layton Co. v. Clark (Utah 1976), 548 P.2d 902, 906. As stated by a Washington court, "A counterclaim is not barred by the statute of limitations if the counterclaim would not have been barred by the statute of limitations at the commencement of the action in which it is pleaded." Logan v. North-West Insurance Co. (Wash. App. 1986), 724 P.2d 1059, 1061.

Other jurisdictions hold that a counterclaim does not relate

back to the date the complaint was filed. See, e.g., W. J. Kroeger Co. v. Travelers Indemnity Co. (Ariz. 1975), 541 P.2d 385, 387-88; Rochester American Insurance Co. v. Cassel Truck Lines (Kan. 1965), 402 P.2d 782, 784-86. Federal courts distinguish between counterclaims and cross-claims that seek to somehow reduce the amount a plaintiff can recover, such as by recoupment, contribution, or indemnity, and claims that seek affirmative relief. U.S. for Brothers Builders Supply v. Old World Artisans (N.D. Ga. 1988), 702 F.Supp. 1561, 1569. "Defensive claims generally relate back, while affirmative claims must satisfy the applicable statute of limitations." Appelbaum, 546 F.Supp. at 20; see also Hurst v. U.S. Department of Education (10th Cir. 1990), 901 F.2d 836, 837-38.

In Montana, this Court has not addressed the issue of when the statute of limitations is tolled concerning the filing of a cross-claim pursuant to Rule 13(g), M.R.Civ.P. We have determined that a counterclaim or third-party complaint tolls the statute of limitations when it is filed, rather than when a motion for leave to amend an answer and file other claims is filed. Engine Rebuilders, Inc. v. Seven Seas Import-Export (1980), 189 Mont. 236, 239, 615 P.2d 871, 872.

Our holding in Engine Rebuilders implies that a counterclaim or cross-claim for affirmative relief tolls the statute of limitations when it is filed and does not relate back to the date the initial complaint was filed. We therefore adopt the federal

8

rule. A counterclaim, cross-claim, or third-party complaint for affirmative relief, other than a defensive claim where the defendant attempts to offset the amount a plaintiff can recover, such as by recoupment, contribution, or indemnity, must comply with the applicable statute of limitations.

Freed urges that the relation back doctrine of Rule 15(c), M.R.Civ.P., as interpreted by this Court in Tynes v. Bankers Life Co. (1986), 224 Mont. 350, 730 P.2d 1115, applies. See also Priest v. Taylor (1987), 227 Mont. 370, 740 P.2d 648. In Tynes for the purposes of the statute of limitations an amended complaint adding a second plaintiff was held to relate back to the date the original plaintiff filed his complaint. Rule 15(c), M.R.Civ.P. provides in part:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

The rule made in Tynes is inappropriate here. First of all, Rule 15(c) applies to an amended pleading, not a cross-claim filed for the first time. Secondly, in Tynes, even though a second plaintiff was added, since the cause of action arose out of the same "conduct, transaction, or occurrence," the defendant was already on notice of adverse claims and was not prejudiced. Here the original petition filed January 22, 1985, involved only Egeland and the City of Cut Bank. D.A. Davidson and Freed were not joined as defendants until March 3, 1987, and D.A. Davidson had no notice

9

of Freed's cross-claims until March 16, 1987. As stated in Tynes, "[s]tatutes of limitation exist in order to insure that a defendant receives adequate notice of the claim against it. They provide a defendant with the opportunity to adequately defend." Tynes, 224 Mont. at 358, 730 P.2d at 1120. Contrary to Freed's assertion, D.A. Davidson was not put on notice of Freed's cross-claims against it by Egeland's petition for a Writ of Mandamus ordering the City to pay interest on the SID bonds.

Further, Freed's claims do not arise out of the same "conduct, transaction, or occurrence" because Egeland's suit involved the failure of the City to pay interest on the SID bonds, while D.A. Davidson and Freed were interpled as possible stakeholders to the bonds. Freed's claims against D.A. Davidson arose out of D.A. Davidson's refusal to release the SID bonds to Freed. See Walstad v. Norwest Bank of Great Falls (1989), 240 Mont. 322, 324-326, 783 P.2d 1325, 1327-1328. We conclude that Freed's cross-claims do not relate back to the date of Egeland's original complaint on the basis of the Tynes decision or Rule 15(c), M.R.Civ.P.

V

Freed's last contention is that a five-year limitations period applies to a "competing interest in personal property." An action for claim and delivery of personal property is provided for by §§ 27-17-101 to -405, MCA. Freed asserts that a five-year limitations period applies to such a claim pursuant to § 27-2-231,

MCA, which is a catch-all statute for "relief not otherwise provided for." However, the statute controlling a claim and delivery action is § 27-2-207, MCA:

> Within 2 years is the period prescribed for the commencement of an action for:
>
> (1) injury to or waste or trespass on real or personal property;
>
> (2) taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property.

Freed's cross-claim was not filed within the two-year limitations period for a claim and delivery action.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice William E. Hunt, Sr., did not participate in this decision.

11