977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CARL WEISSMAN & SONS, INC., Plaintiff-Appellant,
v.
UNITED STATES FIDELITY & GUARANTY CO., Defendant-Appellee.
 No. 91-35776.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Oct. 15, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Weissman & Sons, Inc. ("Weissman") appeals the district court's grant of summary judgment in favor of United States Fidelity and Guaranty Company ("Fidelity") in Weissman's bad faith action. Following a state court judgment in favor of Weissman on a breach of contract action against his subcontractor, Boulevard Excavating, Inc. ("Boulevard"), Weissman filed action against Fidelity alleging, inter alia, that it breached the implied covenant of good faith and fair dealing by delaying payment on the bond it issued to Boulevard until Weissman had won the state court judgment. Upon a determination that Weissman's bad faith insurance action was barred by res judicata or, alternatively, that it was barred by the three year statute of limitations set forth in section 27-2-204 of the Montana Code, the district court granted summary judgment in favor of Fidelity. We affirm the grant of summary judgment on the ground that section 27-2-204 barred the action.
 
 
 3
 Weissman asserts that Fidelity's continuous bad faith in the claims settlement process caused him to incur damage for interest lost and paid as a consequence of financing the work that was to be performed by the subcontractor. Relying on Larraburu Brothers, Inc. v. Royal Indemnity Co., 604 F.2d 1208 (9th Cir.1979), a case controlled by California law, Weissman contends that the limitations period for a bad faith tort claim under these circumstances does not begin to accrue until judgment is entered on the underlying action or it is settled.
 
 
 4
 In Montana, the statute of limitations for bad faith or breach of the covenant of good faith and fair dealing is the three year statute applicable to torts. See Mont.Code Ann. § 27-2-204; State Ex Rel. Egeland v. City Council, 803 P.2d 609, 611 (Mont.1990). The parties do not dispute the applicability of section 27-2-204(1); rather, they dispute whether the limitations period accrued to bar the action. Section 27-2-204(1) provides in pertinent part that "the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years." Mont.Code Ann. § 27-2-204 (1991). The limitations period commences when a claim accrues:
 
 
 5
 (1) For the purposes of statutes relating to the time within which an action must be commenced:
 
 
 6
 (a) a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action;
 
 
 7
 (b) an action is commenced when the complaint is filed.
 
 
 8
 (2) Unless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues. Lack of knowledge of the claim or cause of action, or its accrual, by the party to whom it has accrued does not postpone the beginning of the period of limitation.
 
 
 9
 Mont.Code Ann. § 27-2-102. Thus, as the statutory language indicates, the limitations period will begin to run when all the elements of a cause of action are in existence.
 
 
 10
 In his complaint, Weissman alleged that even though liability was adjudicated on June 3, 1975, and damages at the time were clearly in excess of the $242,000 bond amount, Fidelity refused to pay Weissman the bond amount, which constituted, inter alia, breach of the covenant of good faith and fair dealing implied in the bond. Weissman set forth in his complaint three dates by which time Fidelity should have paid over the bond amount, with the last date being June 25, 1976, the date he completed the work for the breaching Boulevard. Similarly, in his brief on appeal, Weissman asserts that even though by June 1975, there was a judicial determination of liability and it was readily apparent the cost of completing the work would range well in excess of the bond amount, Fidelity "did absolutely nothing to attempt to investigate Weissman's claim or to settle Weissman, to attempt to examine Weissman's books, or to pay Weissman the bond amount of $242,000.00. Clearly and patently that is bad faith on the part of [Fidelity]."
 
 
 11
 Assuming a bad faith claim may be maintained against Fidelity pursuant to its conduct under the general indemnity agreement entered into, it is apparent from Weissman's own allegations that the bad faith tort claim against Fidelity was in existence no later than 1976; yet he did not file the complaint until 1988, well outside the three year limitations period for such actions. Moreover, in Kitchen Krafters v. Eastside Bank, 789 P.2d 567 (Mont.1990), the Montana Supreme Court held that when a tort arises directly out of a contractual relationship, the statute of limitations commences to run at the time the contract is breached. Id. at 572.
 
 
 12
 Although there was no direct contractual relationship between Fidelity and Weissman, the bad faith claim is grounded in Fidelity's obligations under the bond, with Weissman as the obligee. When Fidelity contracted with Boulevard in favor of Weissman it assumed the obligation to indemnify Weissman in the event Boulevard breached its subcontract. The essence of Weissman's present claim is that Fidelity breached the implied covenant of good faith and fair dealing created by that obligation when it refused to investigate, settle, or pay on the bond by 1976. Because refusal to pay under the bond would constitute a breach of the contract under Kitchen Krafters, the limitations period for the bad faith action commenced no later than 1976.
 
 
 13
 Weissman's reliance on our decision in Larraburu is misplaced. Under relevant Montana law in force at the time, a third-party claimant was authorized to bring a bad faith claim along with an action to determine the insurer's underlying liability. Klaudt v. Flink, 658 P.2d 1065, 1067 (Mont.1983). Although the bad faith proceeding should be suspended pending resolution of the insurer's underlying liability, the bad faith action may be filed to toll the statute of limitations. Fode v. Farmers Ins. Exchange, 719 P.2d 414, 417 (Mont.1986), superseded by, Mont.Code Ann. § 33-18-242 (effective date July 1, 1987).
 
 
 14
 Finally, we reject Weissman's notion of a continuing tort in this case. Weissman is not alleging that Fidelity refused to pay the bond following the entry of judgment and settlement. Rather, the alleged bad faith occurred when Fidelity failed to settle Weissman's claims early on, thereby, forcing Weissman to sustain damages for lost and paid interest. The fact that interest may continue to accrue did not make this a continuing tort. The cause of action accrued in this case when the alleged breach occurred.
 
 
 15
 The judgment of the district court is affirmed. Fidelity's request for attorney's fees and sanctions on appeal is denied.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3