NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROCKY DIETZ, | No. 17-35011 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00074-CCL |
| v. | |
| GEICO GENERAL INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted May 8, 2018**
Seattle Washington

Before: GOULD, IKUTA, Circuit Judges, and FREUDENTHAL,*** Chief District Judge

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Nancy D. Freudenthal, Chief United States District Judge for the District of Wyoming, sitting by designation.

Rocky Dietz appeals from the district court's dismissal of his claims for statutory and common law third-party insurance bad faith against Geico General Insurance Company (Geico). We have jurisdiction pursuant to 28 U.S.C. § 1291.

In August of 2009, Geico's insured, Hillary Bouldin, injured Dietz in a car accident. Ultimately, the matter proceeded to trial, where the jury awarded Dietz $15,000.00 in damages. On April 18, 2013, the Clerk of Court entered judgment in Dietz's favor for this amount. Dietz appealed the jury verdict to the Ninth Circuit, which affirmed the jury verdict. Dietz then appealed to the United States Supreme Court, who affirmed the jury verdict on June 9, 2016.

On July 5, 2016, Dietz filed a complaint against Geico asserting a third-party bad faith claim under Montana's Unfair Trade Practices Act (MUTPA) and a common law claim for third-party bad faith. The district court granted Geico's motion to dismiss finding Dietz's claims were time-barred because they accrued on April 18, 2013, when the district court entered judgment on the jury verdict in the underlying tort case. We review de novo a dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

The MUTPA provides that a third-party claimant must bring an action "within 1 year from the date of the settlement of or the entry of judgment on the underlying claim." Mont. Code Ann. § 33-18-242(7)(b). We reject Dietz's

2

argument that "entry of judgment" refers to anything other than the entry of judgment by the Clerk of Court or the district court at the conclusion of the trial court proceedings. *See* Mont. R. Civ. P. 58(b)(1)(A); Fed. R. Civ. P. 58(b)(1)(A). The district court properly took judicial notice of the records in the underlying case, *Dietz v. Bouldin*, 11-CV-00036-RWA (D. Mont. 2013), to find the "entry of judgment" triggering the statute of limitations occurred on April 18, 2013. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."). The MUTPA required Dietz to file his third-party statutory bad faith claim within one year of the April 18, 2013 entry of judgment in the underlying case. The district court properly found this claim was time-barred.

Dietz also challenges the district court's dismissal of his common law claim for third-party bad faith. "The statute of limitations for 'bad faith' or 'breach of the covenant of good faith and fair dealing' is the three-year statute applicable to torts, § 27–2–204(1), MCA." *Brewington v. Emp'rs Fire Ins. Co.*, 992 P.2d 237, 249 (Mont. 1999) (citation omitted). All the allegations in Dietz's complaint for common law bad faith accrued on or before April 18, 2013. The district court properly found this claim was time-barred.

**AFFIRMED.**

3