MR. JUSTICE MORRISON
delivered the Opinion of the Court.
This is an appeal from summary judgment entered in the Thirteenth Judicial District Court in favor of defendant. We reverse and remand.
Appellant, Ronald Fode was involved in a three car accident on November 30, 1984. Respondent, Farmers Insurance insured one of the other drivers. The degrees of liability for the accident have yet to be determined.
Fode notified Farmers Insurance of the property damage he sustained. Farmers refused to settle the claim. Fode alleges that Farmers refused to settle because its investigation of the accident showed their insured was not liable, when he clearly was. Farmers Insurance alleges it was willing to settle for twenty percent of what Farmers viewed total damage to be. A letter was sent by Farmers to Fode denying any legal liability on the part of its insured and refusing to pay any part of Fode’s claim. As this is an appeal from summary judgment, the factual dispute has not been resolved.
Fode asks this Court to recognize the common law duty of good faith and fair dealing without reference to the unfair claim settlement practices statute, Section 33-18-201, MCA. Rather, the appellant rests his case upon obligations imposed by statute generally. Section 28-1-201, MCA, provides:
“General duty of care. Every person is bound, without contract, to abstain from injuring the person or property of another or infringing upon any of his rights.”
Section 28-1-203, MCA, provides:
“Enforcement of obligations arising by operation of law. An obligation arising from operation of law may be enforced by civil action or proceeding or in the manner provided by law.”
The Legislature recognized that certain obligations were owed by an insurer to an insured and therefore enacted Section 33-18-201, MCA, which seeks to prohibit certain unfair claims practices. Generally that section compels an insurer to be prompt in handling the claim, to conduct a reasonable investigation, to deny coverage within a reasonable time, to offer a reasonable amount in settlement, and to effectuate a prompt, fair and equitable settlement once liability has become reasonably clear.
*285 In Klaudt v. Flink (1983), 202 Mont. 247, 658 P.2d 1065, 40 St.Rep. 64, this Court recognized that the obligations created under Section 33-18-201, MCA, contemplated a tort remedy for their breach. This holding satisfies the mandates of general obligation imposed by Section 28-1-201, MCA, and the enforcement section, 28-1-203, MCA.
Respondent argues that no obligation is owed from an insurer to a tort victim at common law, citing Marzolf v. Hoover (D. Mont. 1984), 596 F.Supp. 596. There the Federal District Court said:
“In Count III of her Amended Complaint, the plaintiff asserts the existence of a common law duty running from an insurer to a third-party claimant, a duty separate and independent from the obligation imposed upon an insurer by Section 33-18-201, M.C.A. (1979). No such duty, however, exists under Montana law, and Klaudt v. Flink, supra, does not alter this conclusion. Granted, a fiduciary duty runs from the insurer to its insured by virtue of the contract of insurance extant between the two, see, Thompson v. State Farm Mutual Automobile Ins. Co., [(1973), 161 Mont. 207, 505 P.2d 423], but the only duty running from an insurer to a third-party claimant is that imposed upon the insurer by Section 33-18-201, M.C.A. (1979). Accordingly, I find that Count III of plaintiff’s Amended Complaint fails to state a claim cognizable under Montana law.”
The rule articulated by the Federal District Court is the general rule. However, this Court does not, in this case, hold that no duties run from an insurer to a tort victim. We only decide in this case that such duties have been recognized by the Legislature in enacting Section 33-18-201, MCA. The Legislature has sufficiently articulated the obligations and this Court will not interfere. Where the Legislature fails to take cognizance of important legal obligations and fails to provide the appropriate remedies, this Court will not hesitate to act. However, such is not the case in this instance.
Appellant Fode, in an effort to strengthen his argument, relies upon Section 25-10-303, MCA, which provides, in part:
“In an action involving solely the recovery of property damages arising out of the ownership, maintenance, or use of a motor vehicle, in which the plaintiff secures a judgment equal to or greater than the amount of damages claimed by the plaintiff in his last written offer to the defendant or his agent prior to the filing of the cause of action, the court shall allow plaintiff’s reasonable attorney’s fees
The purpose of this statute is to encourage good faith negotiation. *286 It acts, where property damages only are involved, as an additional remedy to remedies resulting from violation of obligations owed under Section 33-18-201, MCA. In this action, no judgment has been obtained in the underlying case and the statute has no application.
Section 33-18-201, MCA, is limited to situations where the insurer engages in the proscribed conduct as a “general business practice”. In Klaudt, supra, we recognized that multiple acts by the insurer could occur in the handling of a single claim. Therefore, the provisions of Section 33-18-201, MCA, have general application and it would be confusing for the Court to recognize a separate cause of action, outside the unfair claims settlement practices procedure.
In this case the appellant Fode has alleged that liability is “reasonably clear” but has not alleged that the insurer’s conduct constituted a “general business practice”. We recognize pleadings should be liberally construed and do not require that all statutory requirements be alleged for a complaint to be good. Pleadings should be construed in the manner consistent with the spirit of modern rules of civil procedure and with an eye toward achieving justice for the parties. See Morse v. Espeland (Mont. 1985), [215 Mont. 31] 696 P.2d 428, 42 St.Rep. 251.
Appellant Fode may have a cause of action pursuant to the provisions of Section 33-18-201, MCA. The “general business practice” provision can either be satisfied by showing specific instances of conduct on the part of the insurer which violate the mandates of Section 33-18-201, MCA, or by providing expert testimony from attorneys, adjusters or others knowledgeable regarding the claims practices of the insurer. Furthermore, one need not show that liability has become “reasonably clear” to show a violation of all sections of Section 33-18-201, MCA. The “reasonably clear” requirement is necessary to show a violation of Subsections 6 and 13 of the statute, but other provisions may also be violated and give rise to a cause of action in tort.
We find that the appellant’s allegations contained in his complaint should be presented to the District Court to determine whether a cause of action has been stated under Section 33-18-201, MCA. We vacate the summary judgment entered by the District Court and remand for proceedings in conformity with the views herein expressed.
As noted previously this bad faith case is being pursued although the degrees of liability for the accident have yet to be determined. Under the holding in Klaudt v. Flink, supra, the procedure is au *287 thorized. At the time we decided Klaudt v. Flink the majority of jurisdictions did not permit the bad faith action to proceed until the underlying action was concluded. The majority opinion stated:
“However, at this point, we must differ with the position adopted by the other jurisdictions which allow an action such as this to be prosecuted only after the insured’s liability has been adjudicated. We believe that the action may be filed and tried before, concurrent with, or after liability has been determined. We see no problems with the possibility of contrary findings in the two actions, the doctrine of res judicata, collateral estoppel or the like because different issues are involved in the two cases . . .”
More than three years have elapsed since our decision in Klaudt. Experience in the field teaches us that a change in procedure is necessary. The insurance company is put in a difficult position by having to defend a bad faith case before the underlying case has been determined. Discovery of the insurer’s file in a bad faith case raises difficult “work product” and “attorney-client” problems affecting the underlying case. The practice also allows for undue leverage to be exerted by forcing the insurer to face the prospect of two lawsuits with the additional costs incurred for defense.
The legislature enacted the unfair trade practices section of the Montana Insurance Code to correct abuses being practiced by insurers. The undue delay of claims worked to the advantage of insurers who did not have to pay prejudgment interest and worked to the disadvantage of innocent tort victims who were forced to wait for recoupment of their loss. However, the procedural rule adopted in Klaudt unfairly works a prejudice to insurers. The system must be balanced. All parties should be accorded fair and just treatment under the law.
For the foregoing reasons we hold that all proceedings in a bad faith case, alleging violations of the code which require a showing that liability be reasonably clear, are suspended until the liability issues of the underlying case have been determined either by settlement or judgment. Our holding applies to this case and all others involving the same issue.
The bad faith case may be filed to toll the statute of limitations and to expedite ultimate disposition but no discovery may be engaged. A favorable judgment for the plaintiff in the District Court is sufficient to trigger discovery in the bad faith case. Plaintiff need not await the outcome of the District Court decision on appeal.
This case is remanded to the District Court for proceedings under *288 the unfair trade practices section of the Insurance Code. However, all proceedings are suspended until liability has been determined in the underlying case.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, WEBER and GULBRANDSON concur.