No. 86-427

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

IN THE MATTER OF THE PETITION OF
STANLEY W. JOHNSON TO PERPETUATE
THE TESTIMONY OF WIL  CLARK

APPEAL FROM: The District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert L. Johnson, Lewistown, Montana

For Respondent:

Herndon, Harper & Munro; Rodney T. Hartman, Billings,
Montana

Submitted on Briefs: Oct. 30, 1986

Decided: December 12, 1986

Filed: **DEC 12 1986**

_Ethel M. Harrison_

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from the Eighth Judicial District in and for the County of Cascade. The District Court denied appellant's petition to perpetuate the testimony of a witness. We affirm.

Appellant, Stanley Johnson, was injured in an automobile accident on November 11, 1985, allegedly due to the negligence of one Ross Butcher. Mr. Butcher is insured by National Farmers Union Property and Casualty Company (National). The claims adjuster for National who is handling appellant's claim is Wil Clark.

The underlying personal injury action has yet to be resolved. Appellant has not filed a complaint and the claim has not been settled, though offers and counter-offers have apparently been exchanged. Once this personal injury issue has been resolved, and liability affixed, appellant then intends to pursue a bad faith action against National. But because he fears that the underlying determination of liability "may take years," appellant seeks to preserve the testimony of Wil Clark for use in the bad faith action.

To this end, appellant filed a petition to perpetuate the testimony through deposition of Mr. Clark pursuant to Rule 27, M.R.Civ.P. He further sought a subpoena duces tecum to require Mr. Clark to bring his claims file with him to the deposition.

The District Court denied the petition on the ground that it was prohibited under this Court's recent decision of Fode v. Farmers Insurance Exchange (Mont. 1986), 719 P.2d 414, 43 St.Rep. 814. We agree.

2

In _Fode_, we held that all proceedings in a bad faith insurance case, alleging violations of the code which require a showing that issues of liability be reasonably clear, must be suspended until the liability issues have been determined. The bad faith case may be filed, but no discovery may be engaged. _Fode_, 719 P.2d at 417.

Initially, we note that before a petition such as the one at issue may be filed, Rule 27(a) requires a petitioner to show that he is presently unable to bring his action or cause it to be brought. This rule states:

> A person who desires to perpetuate [the testimony of another] . . . may file a verified petition in the district court . . . The petition . . . shall show: 1, that the petitioner expects to be a party to an action . . . but is presently unable to bring it or cause it to be brought, . . .

Appellant has failed to satisfy this element. As noted, _Fode_ allows a party to file a bad faith action before the liability issues are resolved. So long as appellant is entitled to file a complaint, he is able to bring an action.

Moreover, consistent with our opinion in _Fode_, we require that such a petitioner make a proper showing to the district court that the testimony sought to be perpetuated is separate and distinct from the testimony likely to be sought in discovery of a contemplated bad faith action.

We hold that the District Court's denial of appellant's petition was not in error.

Affirmed.

John Conway Harrison
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

4

Mr. Justice Frank B. Morrison, Jr., specially concurring.

I concur in the result because of the facts here at issue. Petitioner seeks to perpetuate testimony because the bad faith issues must be held in abeyance pending resolution of the underlying tort case. This is not sufficient allegation to spring the Court's discretion under Rule 27(a).

However, we should not prevent the taking of a deposition to perpetuate testimony under the appropriate circumstances. If a bad faith action is being held in abeyance, and critical witness testimony will be otherwise lost, the court should be able to authorize perpetuation of testimony under Rule 27(a). In other words if a witness has a terminal illness or is going to move to a foreign country while the bad faith issues are being held in abeyance, the petitioner should be able to prevent an injustice by taking those person's depositions.

I concur in the result but feel these explanatory remarks are necessary.

Justice

5