No. 90-149

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

SAMUEL J. GRENZ,

     Plaintiff and Appellant,

  -v-

ORION GROUP, INC., THE FIRE AND CASUALTY
INSURANCE COMPANY OF CONNECTICUT, DON
MACMILLAN, EDWARD EBERLY, E. CRAIG DAUE,
and the Law Firm of GARLINGTON, LOHN and
ROBINSON,

     Defendants and Respondents.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Samuel J. Grenz, Whitefish, Montana (Pro Se)

     For Respondent:

     Sherman V. Lohn, Missoula, Montana; G. Richard
Dzivi, Great Falls, Montana; Susan J. Rebeck, Great
Falls, Montana

Submitted on Briefs:  May 24, 1990

Decided:  July 12, 1990

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Samuel J. Grenz (Mr. Grenz), pro se, appeals from the dismissal of his complaint by the District Court for the Eleventh Judicial District, Flathead County. We affirm.

The sole issue before us is whether the District Court erred in dismissing Mr. Grenz' complaint.

On August 22, 1984, Mr. Grenz was injured while working for American Stud Company in Flathead County, Montana. The employer was enrolled under Workers' Compensation Plan II. The insurer assumed liability for the injury and paid compensation and medical benefits to and for Mr. Grenz. Mr. Grenz received temporary total disability benefits. In June of 1987, the law firm of Garlington, Lohn and Robinson (GLR) was hired by the insurer to review Mr. Grenz' claim. Mr. Daue, a partner in GLR, assumed responsibility for the file. Mr. Daue requested that Mr. Grenz and his claim be submitted to the Northwest Medical Evaluation Panel for an evaluation of his disability. Mr. Grenz did not contest the insurer's right to require him to submit to such an evaluation. On the basis of extensive medical, psychological, and vocational data that had been received, Mr. Daue recommended to the insurer that Mr. Grenz' benefits could be reduced from temporary total disability to permanent partial disability. Subsequently, on August 24, 1988, Mr. Grenz' benefits were reduced as recommended.

Subsequent to the reduction in his benefits, Mr. Grenz proceeded pro se and requested a mediation of his claim. The

mediation was held and ultimately Mr. Grenz' temporary total disability benefits were reinstated on December 15, 1988, retroactive to August 24, 1988.

In December 1988, Mr. Grenz requested a lump sum advance of more than $70,000 of his benefits, attorney fees and a statutory penalty. A hearing was held in the Workers' Compensation Court on February 7, 1989. It determined that Mr. Grenz was entitled to a lump sum advance to pay his real estate taxes that were due and owing. However, it denied a lump sum conversion of his future compensation benefits to pay off his existing loans which were current; to pay a balloon payment due in September, 1990; to purchase a hot tub for his home; or to restore his 1964 Pontiac. The penalty issue was not addressed.

In April 1989, Mr. Grenz filed a petition in which he renewed his request for a penalty. He based his claim for a 20% penalty on four grounds: (1) that the insurer wrongfully reduced his benefits from temporary total to permanent partial during the period from August 24, 1988, to December 16, 1988; (2) that the insurer unreasonably used the Northwest Panel Medical Evaluation to justify the reduction in benefits; (3) that the insurer unreasonably delayed payment of a lump sum advance; and (4) that the insurer unreasonably delayed payment of benefits from September 12, 1988, through October 28, 1988.

The insurer moved to dismiss the petition and to stay discovery. The motion to stay was granted but the court specifically declined the motion to dismiss in an effort to provide

3

some leniency to Mr. Grenz who was appearing pro se.

Finally, on September 7, 1989, the Workers' Compensation Court dismissed the petition without prejudice, stating:

> [Mr. Grenz] wrote to the Court on his own behalf advising that he wished to "withdraw" his petition and amended petitions relative to the issues now before the Court in this proceeding.
> Since both the insurer and [Mr. Grenz] have essentially moved the Court for dismissal of these proceedings . . . the petition and amended petition in the above entitled matter are DISMISSED.

There never was any determination by the Workers' Compensation Court that the insurer had acted unreasonably in the reduction of benefits from total to partial and Mr. Grenz has continued to receive temporary total disability benefits. As a result, on May 2, 1990, Mr. Grenz again petitioned the Workers' Compensation Division for an advancement of lump sum benefits based on permanent total disability calculated throughout his future work life expectancy. Mr. Grenz also alleged bad faith, entitlement to lump sum benefits and entitlement to a penalty. That petition was not yet resolved at the time of this appeal.

In September 1989, Mr. Grenz filed a pro se complaint in the District Court alleging bad faith resulting from intentional torts and abuse of the workers' compensation system in delaying the payment of his benefits. He further alleged he was entitled to a penalty for the insurer's wrongful refusal to pay benefits in a lump sum. The District Court accepted an amended complaint and a second amended complaint, but denied a third amended complaint. Defendants filed a motion to dismiss, contending that there is a statutory remedy which a workers' compensation claimant must follow

if he believes the workers' compensation insurer acted unfairly. In short, defendants argued that Mr. Grenz' claim was premature because Mr. Grenz must first file his complaint with the Workers' Compensation Court to determine if defendants acted unfairly pursuant to §39-71-2907, MCA, and there must be a determination prior to an action in District Court.

Agreeing, the District Court stated:

> [Mr. Grenz] is now receiving compensation benefits at the level of temporary total disability, retroactive to the date of reduction; and, his disability rating has not been finalized. There has been no determination from the Worker's Compensation Court or any other court that the disability rating from the Northwest Panel and the subsequent (temporary) reduction in benefits was improper.
> . . .
> [w]hen Plaintiff contends that the Defendants failed to pay benefits at the temporary total disability level "without conducting a reasonable investigation based upon all available information," and that they "neglected to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear," the statutory bar of §33-18-242(6)(b), M.C.A. is triggered. There, the legislature has seen fit to bar even the filing of a bad faith claim in the adjustment of insurance coverage until the underlying claim has been settled or a judgment entered in the claimant's favor.

In the absence of a determination by the Workers' Compensation Court as to whether the disability rating and subsequent temporary reduction in benefits was improper, the District Court dismissed Mr. Grenz' complaint. Mr. Grenz appeals the dismissal of his complaint.

Did the District Court err in dismissing Mr. Grenz' complaint?

Relying on Vigue v. Evans Prod. Co. (1980), 187 Mont. 1, 608 P.2d 488 and Hayes v. Aetna Fire Underwriters (1980), 187 Mont.

5

148, 609 P.2d 257, Mr. Grenz contends that this action should not be barred from the District Court. He urges under these cases he may maintain an action against the insurer based on intentional torts because it as an independent action which does not arise out of an employment relationship.

The insurer relies on Fode v. Farmers Ins. Exch. (1986), 221 Mont. 282, 719 P.2d 414, for the proposition that a bad faith claim cannot be pursued until the resolution of the underlying claim. Mr. Daue and GLR make the same argument and also assert that Mr. Grenz has no legal authority to make a third-party claim against them, as the defense counsel of the insurer. They assert that §33-18-242(1), MCA, specifies that the independent action arises only against "an insurer". Thus, Mr. Daue and GLR ask this Court to affirm the dismissal against them with prejudice. They contend that not only must this action await resolution in the Workers' Compensation Court, but that §33-18-242(1), MCA, does not create a cause of action against an insurer's defense counsel.

A complaint should not be dismissed for failure to state a claim upon which relief may be granted unless it appears certain that the plaintiff is entitled to no relief under any set of facts which could be proved in support of his claim. Larson v. First Interstate Bank of Kalispell (Mont. 1990), 786 P.2d 1176, 47 St.Rep. 344. However, as the District Court correctly pointed out, in the light of a specific statute relating to the claim, dismissal may be appropriate. See Hasbrouck v. Krsul (1975), 168 Mont. 270, 541 P.2d 1197.

The District Court further stated:

> Plaintiff's complaints all sound in bad faith in the "adjusting" or handling of his claim that he is temporarily totally disabled. There is nothing in either the Worker's Compensation Act or the Unfair Trade Practices Act barring the application of §33-18-201, M.C.A. et seq. to worker's compensation claims.

Inferentially referring to Vigue and Hayes, the District Court stated:

> The Supreme Court, in holding that an injured worker has a separate cause of action for the commission of torts occurring during the settlement of his claim, based the right on the fact that the action does not arise out of an employment situation. In this way the worker's compensation claimant is in no different position than the injured third-party claimant in an automobile insurance case.

The court then dismissed Mr. Grenz' action "pending determination by the Worker's Compensation Court whether the disability rating and subsequent temporary reduction in benefits was improper."

Section 33-18-242, MCA, provides for an independent action by a third-party claimant against an insurer for actual damages caused by the insurer. However §33-18-242(6)(b) states:

> A third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim. (emphasis added).

We conclude that the District Court properly dismissed Mr. Grenz' complaint based upon the foregoing statute. As stated in Vigue and Hayes an independent action may lie after the underlying claim has been settled or a judgment entered in Mr. Grenz' favor. We therefore hold that the District Court did not err in dismissing Mr. Grenz' complaint.

Section 33-18-242, MCA, creates a cause of action against an

7

"insurer". An "insurer" includes a person, firm, or corporation utilizing self-insurance to pay claims made against them. Section 33-18-242(8), MCA. The law firm and its attorneys defending the insurer do not fall under this definition. Therefore, we hold that the dismissal of the complaint was proper. We further hold that the dismissal shall be with prejudice as against Mr. Daue and Garlington, Lohn and Robinson as to a claim under §33-18-242(6), MCA.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices