Teddy Ann O'CONNOR, Plaintiff— Appellant,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; Alexsis, Inc., Third-party-defendants— Appellees.

No. 01–35367.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Submission Vacated Dec. 26, 2002.

Resubmitted April 27, 2004.

Decided April 27, 2004.

Frank R. Morrison, Jr., Esq., Morrison Law Offices, Whitefish, MT, for Plaintiff-Appellant.

Allen P. Lanning, Esq., Conklin Nybo Leveque & Murphy, L. D. Nybo, Esq., Conklin, Nybo, Leveque & Lanning, Great Falls, MT, Charles E. McNeil, Esq., Garlington Lohn & Robinson, PLLP, Missou-

la, MT, for Third–party–defendants–Appellees.

Before: TROTT, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM *

Teddy Ann O'Connor appeals the entry of summary judgment against her in her action against National Union Fire Insurance Company of Pittsburgh, PA, and Alexis, Inc. We affirm.

After hearing oral argument in this matter, we vacated submission of this case and certified certain legal questions to the Montana Supreme Court that were dispositive of this appeal.[1] The Montana Supreme Court graciously accepted the certification, and reformulated the question pursuant to Mont. R.App. P. 44(d) as follows:

> For statute of limitations purposes, do statutory and common law bad faith claims against an insurer, predicated on actions taken in the adjustment of a workers' compensation claim, accrue when the Montana Workers' Compensation Court enters a judgment which orders the insurer to pay for a previously denied benefit, but which leaves unresolved the ultimate determinations of the extent and duration of the worker's disability?

*O'Connor v. Nat'l Union Fire Ins. Co.*, 320 Mont. 301, 302–03, 87 P.3d 454 (2004).

After considering the question, the Montana Supreme Court answered this question in the affirmative. *Id.* The reasoning of the Montana Supreme Court is self-explanatory and dispositive of this appeal.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The judgment of the district court is **AFFIRMED.**

---

1. We order the resubmission of this appeal as of this date.