**Jeremy RUHD, Plaintiff—Appellant,**

v.

**LIBERTY NORTHWEST INSURANCE CORP., Defendant—Appellee.**

No. 03–35154.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2004.

Decided June 8, 2004.

Geoffrey C. Angel, Esq., Angel Law Firm, Bozeman, MT, for Plaintiff–Appellant.

Charles E. McNeil, Esq., Garlington Lohn & Robinson, PLLP, Missoula, MT, for Defendant–Appellee.

Before: TASHIMA, PAEZ, and BEA, Circuit Judges.

MEMORANDUM *

Jeremy Ruhd ("Ruhd") appeals from the district court's order dismissing his action against Liberty Northwest Insurance Corporation ("Liberty") for lack of subject matter jurisdiction. We agree with the district court that Ruhd's complaint failed to allege the amount in controversy or specify Liberty's citizenship, both its place of incorporation and its principal place of business, and therefore failed to satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a).

Ordinarily, a party in Ruhd's position should be granted leave to amend his complaint to cure any jurisdictional defects. *See Montrose Chem. Corp. v. Am. Motorists Ins. Co.,* 117 F.3d 1128, 1136 (9th Cir.1997). This is so, "even if no request to amend the pleading was made...." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.,* 911 F.2d 242, 247 (9th Cir.1990). Such leave, however, need not be given where any amendment would be futile. *Id.* In this case, we conclude that leave to amend would have been futile in light of Ruhd's failure to exhaust his remedies before the Montana Workers' Compensation Court. *See* Mont.Code. Ann. § 33–18–242(6)(b); *O'Connor v. Nat'l Union Fire Ins. Co.,* 320 Mont. 301, 87 P.3d 454 (2004); *Grenz v. Orion Group, Inc.,* 243 Mont. 486, 795 P.2d 444 (1990). Accordingly, we affirm the district court's dismissal.[1]

AFFIRMED.

BEA, J. concurring.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the district court's dismissal was

BEA, Judge.

I concur in the memorandum disposition and write to add that Ruhd can still exhaust his claims before the Workers' Compensation Court. Appellee conceded at oral argument that Ruhd's original filing of an application for benefits was timely and that the statute of limitations to file an action in the Workers' Compensation Court had not yet run for Ruhd's claims based on delay or refusal to pay workers' compensation benefits.

without prejudice, Ruhd, if he elects to refile in federal court, can do so after exhausting his claims before the Workers' Compensation Court.