Michael L. **BURTON,** Plaintiff—
Appellant,

v.

**STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPANY,** a
corporation, Defendant—Appellee.

No. 03–35064.

D.C. No. CV–00–00094–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 2004.

Decided June 22, 2004.

Alan J. Lerner, Esq., Dale L. McGarvey, McGarvey, Heberling, Sullivan, Kalispell, MT, Richard H. Friedman, Esq., Friedman, Rubin & White, Bremerton, WA, for Plaintiff–Appellant.

Bradley J. Luck, Esq., Garlington Lohn & Robinson, PLLP, Missoula, MT, for Defendant–Appellee.

Before TASHIMA, PAEZ, and BEA, Circuit Judges.

### MEMORANDUM *

Michael Burton appeals the district court's August 28, 2002 order, which granted State Farm's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Burton's assigned first-party claims for bad

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

faith,[1] breach of fiduciary duty, negligence, and deceit, all of which claims were found to be preempted by Montana's Unfair Trade Practices and Consumer Protection Act ("UTPA"). The district court also granted State Farm's 12(b)(6) motion to dismiss Burton's third party claims for common law bad faith and infliction of emotional distress, and his first-party claim under the UTPA because those claims were barred by the applicable statutes of limitations.

Burton also appeals the district court's August 28, 2002 and December 19, 2002 orders, which respectively granted State Farm's Federal Rule of Civil Procedure 56(c) motions for summary judgment on Burton's assigned first-party breach of contract claim and his third party UTPA claim on the ground that there was insufficient evidence to raise a triable issue of fact that State Farm's claims handling was unreasonable. Because there are triable issues of material fact as to whether the claims handling was unreasonable, we reverse these orders granting summary judgment. Further, we hold that the time limit to commence an action had not run out on either such claim. We affirm the rest of the district court's August 28, 2002 order.[2]

## I. The Statute of Limitations for a First-party Claim under the UTPA

A district court's dismissal of a complaint based on the statute of limitations is reviewed de novo. *Orr v. Bank of America*, 285 F.3d 764, 779 (9th Cir.2002).

Under Montana law, for purposes of the statute of limitations, "a claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." Mont. Code Ann. § 27–2–102(1)(a). The period for filing a first-party claim on behalf of an insured under the UTPA is two years. Mont.Code Ann. § 33–18–242(7)(a).[3]

The district court concluded that since the negligence alleged in the complaint centered solely around State Farm's failure to accept Burton's demand, which expired on March 11, 1994, Padgett's cause of action for breach of contract and claims under the UTPA accrued on that date. At the very latest, the claim accrued on June 22, 1994, when State Farm deposited money representing the policy limits by interpleader into the state court. Burton did not sue State Farm until June 7, 2000.

Burton contends that until the entry of a judgment in excess of the $100,000 paid to Burton out of State Farm's insurance proceeds, Padgett did not incur any damages caused by State Farm's alleged mishandling of the claim, and so the earliest his cause of action accrued was in October

---

**1.** "Bad faith" is a shorthand expression for breach of the implied covenant of good faith and fair dealing, a tort.

**2.** Because the parties are familiar with the facts of this case, we will recite them only as necessary to explain our decision.

**3.** Burton's first-party claim for breach of a written contract was timely filed because that statute of limitations provides for 8 years in which to commence an action. *See* Mont. Code Ann. § 27–2–202(1). State Farm inter-

pleaded the policy limits on June 22, 1994, and Burton sued State Farm on June 7, 2000. Burton's third party claim under the UTPA was also timely filed because the one year period in which to commence an action under that statute of limitations starts to run only after the date of settlement of, or entry of judgment on, the underlying claims. Mont. Code Ann. § 33–18–242(7)(b). Burton and Padgett settled the underlying claim on September 24, 1999.

1994 when the insurance funds were disbursed to the parties without a release. Burton contends, however, that Padgett's cause of action did not accrue until the excess judgment was entered against him on October 27, 1999. The Montana Supreme Court has rejected this argument. *Peris v. Safeco Ins. Co.*, 276 Mont. 486, 916 P.2d 780, 784 (1996) (holding that an insured may sue an insurance company for violation of the UTPA before the underlying lawsuit is settled or a judgment entered). Here, State Farm's refusal to settle Burton's demand for $100,000—exposing Padgett to a judgment in excess of policy limits—occurred in March 1994, more than six years before this suit was filed. We therefore affirm the district court's August 28, 2002 ruling that Burton's assigned first-party cause of action was barred by the two year statute of limitations.

II. The Statute of Limitations for Third Party Common Law Bad Faith and Emotional Distress Claims

██ The period for filing a common law tort claim in Montana is three years. MONT.CODE ANN. § 27–2–204(1). Here, Burton alleged that State Farm's wrongful conduct which caused his injuries occurred during the handling of the insurance claim before its refusal to accept Burton's settlement demand, which expired on March 11, 1994. The district court found that Burton's cause of action accrued on March 11, 1994 because he knew by then that his demand was not accepted, and that at the very latest his cause of action accrued on June 22, 1994, when State Farm interpleaded the policy limits and thereby gave up the ability to effect a settlement. Accordingly, the district court held that Burton's common law third party claims were also barred by the statute of limitations.

Burton analogizes this case to *O'Connor v. Nat'l Union Fire Ins. Co.*, 320 Mont. 301, 87 P.3d 454, 456 (2004) (holding that in a workers' compensation case a third party bad faith cause of action does not accrue until judgment is entered on the underlying case). The same principles do not apply here because Burton knew he had a third party cause of action once State Farm failed to accept his demand on March 11, 1994. By contrast, a workers' compensation claimant must first obtain a judgment or settlement from the Workers' Compensation Court. *Id.; Grenz v. Orion Group, Inc.*, 243 Mont. 486, 795 P.2d 444, 446–47 (1990). If this administrative remedy does not resolve a claimant's underlying claim, then he may pursue his third-party cause of action in federal court. In Burton's case there was no need to wait until the underlying case was settled.

Burton argues for the first time on appeal that he should be allowed to claim emotional distress damages for State Farm's conduct between June 8, 1997 and June 7, 2000 when he filed suit. Arguments raised for the first time on appeal cannot be considered. *United States v. Koonin*, 361 F.3d 1250, 1252 (9th Cir.2004). Because Burton did not allege any culpable conduct by State Farm that occurred between June 8, 1997 and June 7, 2000, we affirm the district court's August 28, 2002 order granting State Farm's 12(b)(6) motion to dismiss Burton's third party claims for common law bad faith and infliction of emotional distress.

III. State Farm's Motions for Summary Judgment

██ A district court's grant of summary judgment is reviewed de novo. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003). A party is entitled to summary judgment if the party demonstrates "that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All reasonable inferences are to be construed in favor of the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

Under Montana law, an insurer may not be held liable for breach of the implied covenant of good faith and fair dealing in failing promptly to settle claims made within policy limits "if the insurer had a reasonable basis in law or in fact for contesting the claim or the amount of the claim, whichever is in issue." MONT.CODE ANN. § 33–18–242(5).

Burton presented admissible evidence from which a jury could determine that State Farm's handling of the case was unreasonable. Although the district court is correct that the material facts are not in dispute, the reasonableness of State Farm's actions is contested.

Burton produced affidavits from two former State Farm employees, John Crowe and James Mathis, who Burton contended were experts and who each opined that State Farm's actions were unreasonable based on their extensive experience in the insurance industry, including their work at State Farm. There is no evidence in the record that State Farm ever objected to Crowe or Mathis as experts, or made any objections to their affidavits, nor that the district court ever made such a ruling.

Burton also produced a December 23, 1993 report by State Farm's claim handler, Carl Bailey, in which he stated that he had received medical bills in an amount totaling $16,553.63 for Burton and that he evaluated Burton's claim at $50,000 to $60,000.

Finally, on February 14, 1994, State Farm received a report from Dr. Kliot, a neurosurgeon at the University of Washington, who was treating Burton. The report concluded that "Mr. Burton is now 2 months out after suffering a severe right brachial plexus traumatic injury, which has left him with what appears to be a complete right upper trunk, possible complete middle trunk, and incomplete but severe lower trunk injury.... [Mr. Burton and his father] are fully aware that surgery at best can only restore partial function to his right upper extremity."

The affidavits by Crowe and Mathis, as well as Bailey's December 12, 1993 report and Dr. Kliot's letter create a triable issue of material fact as to the reasonableness of State Farm's claims handling.

The district court relied upon *Watters v. Guar. Nat'l Ins. Co.*, 300 Mont. 91, 3 P.3d 626, 639 (2000) for the proposition that where the facts are not in dispute and the underlying question is a question of law, then summary judgment may be appropriate. Unlike the situation in *Watters*, however, there is no prior determination that State Farm's actions in this case were reasonable as a matter of Montana law.

Here, there is no clear statute or case law in Montana that says it is *always* reasonable for the insurance company to refuse to accept a demand where the combined demands of all claimants exceed the "per occurrence" limits of the policy. Because Burton presented admissible evidence from which a jury could find that State Farm's actions were unreasonable, we reverse the district court's August 28, 2002 grant of summary judgment on Burton's assigned first-party claim for breach of contract and its December 19, 2002 grant of summary judgment on Burton's third party UTPA claim. *See Dean v. Austin Mut. Ins. Co.*, 263 Mont. 386, 869 P.2d 256, 258 (1994).

IV. The Application of Mont.Code Ann. § 33–18–242(3) to Burton's First-party Claims and Its Constitutionality

On August 28, 2002, the district court granted State Farm's motion to dismiss

Burton's assigned first-party claims for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, negligence, and deceit because these claims are preempted by the UTPA.

■ Section 33–18–242(3) of Montana's UTPA provides:

An insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action. An insured may not bring an action for bad faith in connection with the handling of an insurance claim.

The district court found that this language was clear, and that the statute preempted Burton's assigned first-party claims—other than breach of contract, fraud, and actions under the UTPA itself.

A district court's determination of whether a claim is preempted by statute is reviewed de novo. *Winterrowd v. American Gen. Annuity Ins. Co.,* 321 F.3d 933, 937 (9th Cir.2003).

Burton contends that the statute does not apply to bad faith claim brought against the insurer by a third party, only to claims brought by the insured. He cites no cases for this proposition and our research revealed none. As an assignee of Padgett's claims, Burton "stands in the shoes" of Padgett. His claims are subject to all the defenses that could be offered against Padgett. The plain meaning of the statute precludes Burton's argument.[4] These claims are barred by the two and three year statutes of limitations for the reasons listed above. MONT.CODE ANN. §§ 27–2–204(1); 33–18–242(7)(a).

■ Burton also challenges the constitutionality of UTPA § 33–18–242 because it limits which first-party common law claims can be brought, but not third party claims. The short answer is that Burton, as Padgett's assignee, takes only what Padgett had, subject to all common law or statutory defenses to Padgett's rights.

Burton further argues this violates the equal protection clause of Montana's Constitution, which states that "No person shall be denied the equal protection of the laws." MONT. CONST. art. II, § 4. Even if we were to treat Burton's rights as independent and not derivative of Padgett's, this argument is unconvincing.

As a rule, Montana presumes that its statutes are constitutional. *Meech v. Hillhaven W., Inc.,* 238 Mont. 21, 776 P.2d 488, 503 (1989). A statute that does not implicate a fundamental right nor impact the rights of a suspect class is only subject to review under the rational basis test. *Id.* at 502—03. Here, Burton does not contend that either he or Padgett are members of a suspect class, but he does contend that all equal protection challenges invoke a fundamental right, and thus the statute should be subject to a strict scrutiny test. The Montana Supreme Court, however, has not adopted this approach. In *Stavenjord v. Montana State Fund,* 314 Mont. 466, 67 P.3d 229, 236–37 (2003), the court used a rational basis test to analyze an equal protection challenge, which was also based on article II, section 4 of the Montana Constitution.

Under Montana's rational basis test, a statute is constitutional if it bears a rational relationship to a legitimate governmental interest. *Id.* at 236 (citation omitted). Burton claims that the statute is unconsti-

4. Burton has also filed a motion for certification of this question to the Montana Supreme Court, which we deny.

**160**

tutional because it prohibits an insured from suing his insurance company for common law bad faith. The statute essentially codifies common law bad faith in the UTPA. MONT.CODE ANN. § 33–18–201.

Here, the district court found that the stated legislative goals of the UTPA are to offer predictability to insurance companies and their insureds, to foster a more positive business climate, to retain insurance companies doing business in Montana, and, ideally, to lower rates for insureds. *See, e.g.* MONT.CODE ANN. § 33–18–101. The district court found that each of these stated goals were rationally related to a legitimate governmental interest, and that by codifying many common law causes of action against an insurance company, the statute furthered these goals. We agree and affirm the district court's ruling that Burton's assigned first-party causes of action for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, negligence, and deceit are preempted by the UTPA, and that the UTPA does not violate the equal protection clause of Montana's Constitution in this case.

### V. CONCLUSION

We reverse the district court's December 19, 2002 order granting State Farm's motion for summary judgment on Burton's third party UTPA claim, and the August 28, 2002 order to the extent it granted State Farm's motion for summary judgment on Burton's first-party breach of contract claim. We affirm the August 28, 2002 order granting State Farm's motion to dismiss Burton's first-party UTPA, third-party common law bad faith and third-party emotional distress claims.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Each party shall bear his or its own costs on appeal.

REVERSED AND REMANDED IN PART; AFFIRMED IN PART